IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMES L. GARRETT-BEY,<br><br>Plaintiff,<br>v.<br><br>JANE DOE, *et al.*,<br><br>Defendants. | 1:26-CV-617 |

**ORDER**

This matter is before the Court for review of the Recommendation entered by the Honorable JoAnna Gibson McFadden. (D.E. 4.) The Recommendation recommends granting James Garrett-Bey's motion to withdraw the complaint (D.E. 3) and dismissing the action without prejudice. (*Id.*) The deadline for objections passed on August 7, 2026, and no parties have objected to the Recommendation.

Because there are no objections, the Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. Proc. 72 advisory committee's note). This Court has reviewed the Recommendation and concludes it contains no clear error.

Accordingly, it is ordered that the Magistrate Judge's Recommendation (D.E. 4) is ADOPTED.[1] The motion to withdraw the complaint (D.E. 3) is GRANTED, and the complaint (D.E. 2) is DISMISSED without prejudice.

This the 27th day of August, 2026.

*/s/ David A. Bragdon*
United States District Judge

[1] The Recommendation contains additional information that Mr. Garrett-Bey should review.

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMES L. GARRETT-BEY,<br>Plaintiff,<br>v.<br>JANE DOE *et al.*,<br>Defendants. | 1:26CV617 |

**ORDER AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983 together with an application to proceed *in forma pauperis*. However, prior to the Court's screening of the Complaint, the plaintiff sent a letter correctly noting that he did not use this Court's forms in filing his case. Therefore, he asked that the Court stop processing his filings and allow him to refile his case using the correct forms. The Court docketed the letter as a Motion to Withdraw, which should be granted without prejudice to the plaintiff refiling the action on the proper forms. To further aid the plaintiff, the Clerk is instructed to send the plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.*, Sections (a) & (d)).

The Court also notes that some aspects of the plaintiff's that he should clarify in any refiling. First, the plaintiff mentions a number of potential claims, but it is

not apparent exactly which claims he intends to bring or how the defendants he names are related to at least some of the potential claims. The plaintiff should clarify these matters in any refiling by listing his claims, stating which defendants he seeks to hold liable for which claims, and alleging facts to support each claim.

Second, the plaintiff should be aware that he cannot name persons as defendants based purely on their positions as supervisors. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

Third, the plaintiff must exhaust his administrative remedies as to every claim he seeks to bring, not just some of them. It is unclear in his present filing whether this occurred as he lists many potential claims but states only that he raised a single, unidentified issue in prison grievances.

Fourth and finally, the plaintiff was convicted of prison disciplinary offenses related to some of the allegations in his Complaint. The Complaint does not state whether the plaintiff lost good time or gained time credits as a result of the convictions. However, if he did, he should be aware that he cannot raise claims under § 1983 that call those convictions into question. *Heck v. Humphrey*, 512 U.S. 477 (1994).

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send the plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

**IT IS RECOMMENDED** that the plaintiff's recent letter be treated as a Motion to Withdraw, that it be granted, and that the plaintiff be allowed to dismiss this action without prejudice to the plaintiff filing a new complaint on the proper § 1983 forms.

This, the 20th day of July, 2026.

JoAnna Gibson McFadden
United States Magistrate Judge